UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW CURTIS HARTLEY,

      Petitioner,

v.                                    Case No. 8:09-cv-465-T-23TBM

WARDEN D. ELLIS,

      Respondent.

_____/

## O R D E R

     Hartley petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his confinement in disciplinary segregation.  The respondent's exhibits ("Respondent's Exhibit __") are electronically filed with the response. (Doc. 20)

## FACTS[1]

     While confined in the Hamilton Correctional Institution, Hartley disobeyed the order of a correctional officer to return Hartley's food tray to his cell door.  He again refused when ordered a second time.  Hartley was charged with disobeying an order from a correctional officer.  A prison disciplinary committee found Hartley guilty and sentenced him to serve thirty days in disciplinary confinement.

---

     [1] This summary of the facts derives from the prison disciplinary committee's findings. (Respondent's Exhibit C)

## PROCEDURAL ISSUES

Hartley's petition challenges a temporary housing assignment in disciplinary confinement. Hartley's petition offers no challenge to the validity of the state judgment that confines him in state prison. Nevertheless, habeas corpus is the proper means for challenging Hartley's disciplinary confinement. "[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus" because "[s]uch release falls into the category of 'fact or duration of . . . physical imprisonment' delineated in *Preiser v. Rodriguez*." *Krist v. Ricketts*, 504 F.2d 887, 887-88 (5th Cir.1974) (citations omitted).[2] Because his imprisonment is under a state court judgment, Hartley's petition is governed by Section 2254.

> [H]e contends that § 2254 "does not apply where the exact custody of which the prisoner complains is a result of administrative proceedings, which are not State court judgments." As set out above, however, to implicate § 2254, the prisoner must be "in custody pursuant to the judgment of a State court." Appellant undeniably is in custody pursuant to the judgment of the Florida court.

*Medberry v. Crosby*, 351 F.3d 1049, 1061, *cert. denied*, 541 U.S. 1032 (2004).

Hartley must meet Section 2254's exhaustion requirement. *Medberry*, 351 F.3d at 1061 ("When a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions."). The respondent argues that Hartley

---

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

failed to fairly present his claims to the state courts.  A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971).  Section 2254(c) requires a petitioner to exhaust "the remedies available in the courts of the State . . . ."  Hartley contends that no remedy is available in state court because the Second Judicial Circuit has (1) declared him a "vexatious litigant" and (2) precluded him from filing a civil case without both permission from the chief judge of that circuit court and the signature of a member of The Florida Bar certifying that the claims have merit.  (Respondent's Exhibit B at 16)

*Adamson v. McNeil*, 353 Fed. App'x 238, 239 (11th Cir. 2009), addresses the same situation, specifically that "[a] state court sanction imposed on Adamson in 2006 for filing frivolous lawsuits permits him to file actions in Florida's Second Judicial Circuit only if he obtains counsel and pays any required filing fees." *Adamson* determined that the district court committed no error in rejecting the merits of the petition without first determining whether no remedy was available in state court because a district court may deny a petition for the writ of habeas corpus "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 353 Fed. App'x at 240 (*quoting* Section 2254(b)(2)).  As determined later in this order, Hartley's petition lacks merit.

Although his disciplinary confinement was for only thirty days, Hartley did not commence serving the thirty days until after he completed serving disciplinary confinement ordered in several earlier disciplinary proceedings. This delay enabled Hartley to file this federal petition before he served the confinement he now challenges. As a consequence, Hartley's claim was not moot when he filed his federal petition. *See Medberry*, 351 F.3d at 1053 ("Where . . . a prisoner has completed an imposed term of administrative segregation before he files his petition, we agree with the Seventh Circuit that the 'petition[ is] moot when filed and cannot be revived by collateral consequences.'" (*quoting McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 541 U.S. 1032 (2004).

## MERITS

Hartley asserts four claims that the disciplinary proceeding violated his due process rights. "The touchstone of Due Process is freedom from arbitrary governmental action, but prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Ponte v. Real*, 471 U.S. 491, 495 (1985) (internal quote omitted). In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court established five requirements as the process an inmate is due in disciplinary proceedings. First, the inmate must receive an adequate, written notice of the charges. Second, he must receive this written notice at least 24 hours before his hearing. Third, he must have an opportunity, as limited by safety needs or correctional goals, to call witnesses and

present documentary evidence in his defense.  Fourth, the fact-finder must make a

written record of both the evidence and the reasons for taking disciplinary action.

This written record must show that the disciplinary committee's findings were based

on "some evidence."  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  Fifth, where

circumstances warrant, an inmate should receive the help of an inmate or staff

member.  *Wolff v. McDonnell*, 418 U.S. at 570.

     These five procedural safeguards apply only when the prisoner's duration of

confinement is adversely effected by the loss of good time credits or the prisoner is

subjected to confinement that is "atypical and [creates a] significant hardship on the

inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*,  515 U.S.

472, 478, 484 (1995).  Without either the loss of good time credits or "atypical"

confinement, "the Due Process Clause itself[ affords no] protected liberty interest that

[invokes] the procedural protections set forth in *Wolff*. " *Conner*, 515 U.S. at 487.

Because Hartley lost no good time credit and disciplinary confinement alone is not

"the type of atypical, significant deprivation in which a State might conceivably create

a liberty interest," 515 U.S. at 486, the petition lacks merit.[3]

     Hartley knew, before he filed this federal petition, that he had no due process

protection because he lost no good time credit.  Hartley challenged at least two earlier

orders placing him in disciplinary confinement without the loss of good time credit.

---

[3] Even if Hartley was entitled to *Wolff*'s procedural protections, the record shows that the disciplinary proceedings met each *Wolff* requirement.

Both challenges were rejected with the same reasoning as stated above.  *Hartley v. McNeil*, No. 5:07-cv-101/RS-EMT, 2008 WL 1844416 (N.D. Fla. April 23, 2008), and *Hartley v. McNeil*, No. 07-22683-CIV, 2008 WL 3200213 (S.D. Fla August 6, 2008), *aff'd* 352 Fed. App'x 368 (11th Cir. 2009).

Accordingly, Hartley's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Hartley and close this case.

### CERTIFICATE OF APPEALABILITY
### AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Hartley is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Hartley must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Hartley fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Hartley cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Hartley is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Hartley must pay the full $455 appellate filing fee without installments unless the circuit court allows Hartley to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on September 25, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE